UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD CRAMER AYERS,

      Plaintiff,

v.                                    Case No: 5:20-cv-230-Oc-30PRL

THOMAS LLOYD CROWLEY and
CENTRAL FLORIDA EYE
INSTITUTE,

      Defendants.

_____

REPORT AND RECOMMENDATION[1]

This case is before the Court for consideration of the *pro se* Plaintiff's motion to proceed *in forma pauperis*. (Doc. 4). For the reasons explained below, the motion should be denied and the case dismissed for lack of subject matter jurisdiction.

### I.      Background

Plaintiff has filed a *pro se* Complaint against Thomas Lloyd Crowley and Central Florida Eye Institute. Plaintiff alleges fairly straight-forward claims of "medical malpractice and maltreatment," arising from alleged negligence that occurred during eye surgery. Plaintiff also states that the amount in controversy is $45,000, and that he and the Defendants are citizens of the state of Florida.

_____

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

II.     **Legal Standards**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd*., 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co*., 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence

of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

### III.    Discussion

Here, it appears that this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff fails to allege any basis for federal question jurisdiction, and diversity jurisdiction is also lacking. Plaintiff represents that the amount in controversy in this action is $45,000 and provides no additional explanation (such as additional damages or losses). Plaintiff also represents that he and both defendants are citizens of Florida. Simply put, it appears that there is no basis for subject matter jurisdiction in this case, and it would be more properly brought in the appropriate state court.

In some circumstances, as part of a frivolity review and in an abundance of caution, *pro se* Plaintiffs are granted an opportunity to file an amended complaint to determine whether they can present allegations sufficient to state a cause of action. Here, however, that would be an exercise in futility. The undersigned can foresee no possible amendments to Plaintiff's complaint that would cure the lack of jurisdiction.

### IV.    Recommendation

For the reasons stated above, it is respectfully recommended that Plaintiff's motion to proceed in forma pauperis (Doc. 4) be denied and this case dismissed.

Recommended in Ocala, Florida on August 20, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties